Tueley J.
delivered the opinion of the court.
This is an action of ejectment, in which the lessors of the plaintiff, claim title to the premises in dispute by virtue of a sheriff’s deed, founded on a sale under an execution against Joseph Phillips, on a judgment rendered in 1827, and a grant to him from the State of Tennessee. The tenants in possession, defend the action, 1st. because they say the grant from the State to said Phillips is void, for the reason that at the time ■it issued, Joseph Phillips the reservee, was in possession of the premises, holding the same as a reservation under the provisions of the 8th article of the treaty made with the Cher„okee Indians on the 8th of July 1817, by virtue of which there was reserved to him a life estate, with a remainder ip *326 fee to his children, upon condition that if he removed therefrom during his life, the right should revert to the United States; and that at the time the grant issued, he had children capable of taking under the provisions of said treaty.
It has been argued with much ability, that by this treaty a life estate is given to the reservee, with a contingent remainder in fee to his children, which becomes vested when a child is born, subject to be divested by a voluntary removal from the land by the reservee during his life, which, it is urged is a condition subsequent, the breach of which does not of itself determine the estate, but that to cause it to do so, it is necessary the state should act thereon, either by a quo warranto, or office found, or by a (.'special act of the legislature, and that until this is done, the state has nothing which can legally pass by grant. This is a question of great importance, and worthy of grave consideration, but we think it does not arise in this case;' 1st. Because there is no legal proof that Joseph Phillips, the grantor, did hold the land as a reservation under the treaty with the Cherokee Indians of 1817. And 2nd., If he did, there is no legal proof that at the date .of the grant, there were children in whom the fee could vest, according to the construction of the treaty contended for, and it is admitted in argument by the counsel for the plaintiff in error, that so long as the limitation of the fee was contingent, it was vested in the state of Tennessee, and that a contract therefor, with the tenant for life would not be void. It is furthermore admitted, that if the reservep remove from the land during his life, the life estate secured to him by the treaty is destroyed by the proviso, that in that event, the right shall revert to the United States, which as to the estate for life it is admitted is a collateral limitation.
There is no principle of law better settled, than that if the particular estate which supports a contingent remainder is destroyed before the remainder vests, the remainder is defeated. Then, from any thing this court can see, the state of Tennessee had as much power to issue this grant to Joseph Phillips, as she had to issue any grant for any portion of land within her limits, and therefore that it is not void. •
2d. It is attempted to defeat this action by showing title out of *327 the lessors of the plaintiff. This is done by producing a deed of conveyance from Joseph Philips, the grantee, for the land in dispute to James Bradley and Michael Carroll, dated the 14th of September 1824, and a deed of conveyance fromythem to Mark Philips, bearing the same date. These deeds of conveyance w&re made pending the suit against Joseph Philips, in which judgment was rendered in 1827, and by a sale under which the lessors of the plaintiff claim the land in dispute.
Caleb Stone proves that Joseph Philips in speaking to him about the suit, said it was unjust, that he had once paid th'e claim, his brother mark Philips having advanced the money to him for that purpose, and that he never would pay said demand again.
John Lowry proves that he drew the deeds of conveyance from Joseph Philips to Bradly and Carroll, and from them to Mark Philips, who was not present. That Bradly and Carroll together with Jos. Philips, came to his house to get the deeds drawn. That Jos. Philips observed, that he owed his brother Mark Philips between eight and twelve hundred dollars, which he had advanced to pay the debt for which he was sued, and that he did not mean to pay it again, and that he intended in this trade to secure the debt he owed his brother. Upon these facts the court charged the jury, “that if they should believe that Philips intended to delay, defraud or defeat his .creditors' of the collection of their debts, by the conveyance to Bradly and Carroll,that thé conveyance would be void.” This charge it is contended was erroneous; because in order to make a sale void as to creditors, it is not only necessary that the vendor should design a fraud, but that the vendees should participate therein. This is unquestionably the law, and if the charge of the judge were to be taken as an abstract proposition, it is not the law, but it must be taken in connexion with the subject matter to which it relates. Now the proof shows that the ven-dees did know the circumstances under which the conveyance was madé to them, that they were with Joseph Philips at the time the deed jwas drawn and when he said he would never pay the debt for which he was sued, and there is -no proof whatever that any consideration for said conveyance, was paid or secured by the vendees. These things are sufficient to fix *328 a participation in the fraud on their part; and the charge of the 'judge must be taken as applicable to the facts of the case, and to nlean, that if the deed of conveyance was made to defraud Creditors, it was void as to them. But furthermore, it is a well settled principle that the title set up in a third person to defeat an action of ejectment, must be a present subsisting legal title, not one abandoned or barred by the statute of limitations. The title set up in this case was created in September, 1824, nearly twelve years ago, since which we hear nothing óf it. No claim has been set up under it; other persons are in possession of the lands claiming no connexion therewith, and though these facts may not of themselves be sufficient to authorise the court to say that the title is not a present subsisting one, yet they are sufficient to cast such a shade over it, as to prevent the court granting a new trial, in order to have it investigated, unless there were gross errors in the proceedings below. And again; although the law permits, a defendant in ejectment, to set up an outstanding title in á third person with which he has no connexion, yet it is a defence stricti juris, and new trials will not be granted to enable a defendant to avail himself thereof, unless the court below have either refused to permit it to be made, or have grossly erred in acting on it, which we think is not this case. In the record and proceedings of the court below, we think there is no error, and affirm the judgment.
Judgment affirmed.